UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**             **CASE NO.  6:09-CR-00172-01**

**VERSUS**                                **JUDGE ROBERT G. JAMES**

**CORNELIUS JAMES KELLY (01)**

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA") of 2018, filed by Defendant Cornelius James Kelly. [ECF No. 481; *see also* ECF No. 536]. Pursuant to his motion, Kelly asks that his sentence be reduced to time served, or alternatively to 42 months and 17 days.[1] The government agrees Kelly is eligible for relief, but argues the Court should reduce the sentence to 120 months—the statutory minimum.[2] For the reasons set forth below, Defendant's motion is GRANTED IN PART.

### I.
### BACKGROUND

On August 11, 2009, Kelly and nine co-defendants were charged in a twenty-one-count indictment alleging various narcotics offenses.[3] Specifically, Kelly was charged with Conspiracy to Distribute Cocaine and Cocaine Base (Count 1), Possession of Cocaine with Intent to Distribute (Count 2), two counts of Distribution of Cocaine (Counts 3 and 5), and

---

[1] ECF No. 536 at 7-8.
[2] ECF No. 539 at 4.
[3] ECF No. 1.

fourteen counts of Unlawful Use of a Communication Facility (Counts 8–21). One of the overt acts committed in furtherance of the conspiracy set forth in Count 1 of the indictment reads as follows:

> e. On February 26, 2008, in St. Mary Parish, Louisiana, in the Western District of Louisiana, a traffic stop was conducted on a vehicle registered to a herein unindicted coconspirator and driven by CORNELIUS JAMES KELLY. During the subsequent pat down of CORNELIUS JAMES KELLY, he attempted to flee from the officers and threw down objects. Officers recovered approximately 49.7 grams of a mixture and substance containing a detectable amount of cocaine and $2,985.00.[4]

At the time the indictment was returned, Kelly was in the custody of the State of Louisiana for the conduct alleged in overt act (e).[5]

On August 20, 2009, Kelly was transferred to the temporary custody of the federal government pursuant to a writ of habeas corpus ad prosequendum in order to obtain his presence at his initial appearance and arraignment.[6] On June 2, 2010, Kelly pleaded guilty to the conspiracy charge (Count 1) before a former judge of this district.[7] The following month, Kelly pleaded guilty in state court to possession of cocaine with intent to distribute (*i.e.*, the conduct set forth in overt act (e)).[8]

On July 21, 2010, the probation officer issued his initial Presentence Investigation Report ("PSR"). Counsel for the government and the defense submitted objections to the PSR. After revising the PSR due to a government objection, the probation officer submitted his final PSR on November 1, 2010, along with an addendum addressing Defendant's

---

[4] *Id.* at 4.
[5] *See* ECF No. 3; *see also* PSR at 16, ¶ 63; ECF No. 205 at 3 ("Part 3. Factors that May Warrant Departure").
[6] ECF No. 31 at 1; ECF No. 32; ECF No. 67.
[7] ECF No. 189.
[8] *See* PSR at 16, ¶ 63.

unresolved objections. Of relevance here, the probation officer did not include in his addendum Defendant's objections to paragraphs 101 and 115 of the PSR. Paragraph 101 states, "The defendant is currently awaiting sentencing in State court for a related drug charge. If he is sentenced to a term of imprisonment in the related case, § 5G1.3(b) may be applicable."[9] Paragraph 115 noted that the probation officer had found no information warranting a variance from the guidelines pursuant to 18 U.S.C. § 3553(a). Defendant's objection to this paragraph was as follows:

> **Paragraph 115.** Mr. Kelly was taken into State custody on February 26-27, 2008 and was re-incarcerated on the same State offense from July 11, 2009 to August 20, 2009 when he was transferred to Federal custody. This State conduct is related to the instant Federal offense. Therefore, Mr. Kelly should receive credit for these 42 days (2 in 2008 and 40 in 2009) or, in the alternative, the Court should adjust the sentence for the 42 days already served in State custody if the Court determines that such period will not be credited by B.O.P., 5G1.3(b)(1).[10]

The Court did not address the objections to paragraphs 101 and 115 at the sentencing hearing, likely because they were not included in the addendum to the PSR.

On November 8, 2010, Kelly was sentenced in federal court. The district judge determined Kelly's offense level was 36, and after sustaining a defense objection to paragraphs 57 and 62 of the PSR, the court determined Kelly's criminal history category

---

[9] The Court notes the November 1, 2010, edition of the U.S. Sentencing Commission Guidelines Manual was used to create Kelly's PSR. The version of U.S.S.G. § 5G1.3 in effect at that time was inapplicable to Kelly, as it dealt only with undischarged terms of imprisonment. It was not until 2014, in response to *Setser v. U.S.*, 566 U.S. 231 (2012), that the Guidelines Manual amended § 5G1.3 by adding subsection (c), which addresses Kelly's situation—whether a federal sentence should run concurrently or consecutively to an *anticipated* state sentence. Compare U.S.S.G. § 5G1.3(c) (West 2010) *with* U.S.S.G. § 5G1.3(c) (West 2014, et seq.); *see also id.* at "Background" notes.

[10] ECF No. 205 at 3.

was IV.[11] Kelly's sentencing guideline range was therefore 297 to 327 months.[12] The court asked Kelly's counsel if he wished to speak prior to the imposition of sentence. Counsel stated in part:

> [Defense Counsel:] And I would just state for the record that he has pled guilty to Overt Act E which is part of the conspiracy count to which he pled. He received no points in the presentence report for that, but I wanted the record to be clear that he's facing a 17-year sentence in state court as a result of that plea although he has not yet been sentenced. And the agreement in state court is that sentence would run concurrent with this sentence.
>
> And we would request credit for time served.
>
> The Court: All right.[13]

The court then immediately returned to a recalculation of Kelly's sentencing guideline range, in light of Defendant's objections that the court sustained.[14] Thereafter, the court sentenced Kelly to 300 months incarceration and five years of supervised release.[15] After announcing the conditions of supervised release, the court stated, "Also, of course, the defendant is given credit for all time served up to this point."[16] After advising Kelly of his right to appeal, the Court ordered, "The defendant is hereby remanded to the Bureau of Prisons to carry out his sentence. Again we are giving him credit for all time served since August 20th, I believe, of 2009."[17]

---

[11] ECF No. 297 at 4, 6–7, 11.
[12] *Id.* at 11, 13.
[13] *Id.* at 10-11.
[14] *Id.* at 11; *see also id.* at 6–7.
[15] *Id.* at 13.
[16] *Id.* at 16.
[17] *Id.* The Court notes that because Kelly was only in the temporary custody of the federal government as of August 20, 2009, the state retained primary custody of him at that time. Time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum does not count toward a federal sentence because that time is credited to the state sentence, and BOP is not authorized to provide credit for prior custody that has been credited against another sentence. 18 U.S.C. § 3585(b).

Two weeks later, Kelly was sentenced in state court. At that hearing, counsel advised the court that the plea agreement provided that Kelly would receive a seventeen-year sentence, which was to run concurrently with his federal term of imprisonment.[18] The court pronounced sentence as follows:

> . . . Mr. Kelly pled guilty on July 20th, 2010 to possession of cocaine with intent to distribute and he also pled guilty to a second felony offender habitual offender bill filed on filed on March 18th, 2009. I sentence him . . . pursuant to the agreement entered into by the State and the defense, to seventeen years at hard labor. That sentence is to be without benefit of probation, parole, or suspension of sentence and it's to run concurrently with 6:09-CR-0172-01, a federal conviction, and he's to be given credit for all time served on either one of these two charges from the date of his arrest on those sentences. This sentence is to run concurrent with that charge, or co-existent, and he's to be given credit for all time served.[19]

After serving just shy of fourteen (14) years for the conduct set forth in overt act (e), Kelly was released from state custody on June 22, 2023, and was immediately transferred into federal custody. Kelly's current projected release date is September 12, 2044.[20]

Kelly now seeks a sentence reduction pursuant to section 404 of the First Step Act of 2018.[21] Defense counsel notes there is no indication in the record that any party or the court requested or intended that Kelly's federal sentence be served consecutively to his anticipated state sentence.[22] However, because the federal court was silent on this issue, the Bureau of Prisons ("BOP") has determined Kelly will receive no credit for any time spent in state custody.[23] Counsel asserts the sentencing judge should have ordered Kelly's

---

[18] ECF No. 343-2 at 2, 4.
[19] *Id.* at 5; *see also* ECF No. 536-1.
[20] *See* https://www.bop.gov/inmateloc/ (last visited Jan. 30, 2024).
[21] First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018).
[22] ECF No. 536 at 3.
[23] *See* 18 U.S.C. § 3585(b).

federal sentence to run concurrently with his anticipated state sentence "and given Kelly an adjustment or departure under U.S.S.G. § 5G1.3 or §5K2.23 to account for the time he had already spent in custody."[24] However, because this did not happen, absent relief from this Court, "Kelly will serve 35 years, 2 months, [and] 13 days" for the federal conspiracy and the related state conduct. In light of these circumstances, Kelly requests a reduction of sentence to time served, which according to counsel "would be equivalent to Kelly having served an approximate 203 month federal sentence considering the 15 percent good time credit awarded to all federal inmates."[25] Alternatively, Kelly requests a reduced sentence of 210 months, "adjusted by 167 months, 13 days under U.S.S.G. § 5G1.3 or §5K2.23 to account for the time that the BOP did not credit for relevant conduct to the federal offense."[26] Again, the government "asks the Court to sentence the defendant to a sentence of 120 months, and 5 years of supervised release."[27]

## II.
## APPLICABLE LAW

At the time of Kelly's offense, distribution of 50 grams or more of crack cocaine and distribution of 5 kilograms or more of powder cocaine each carried a mandatory

---

[24] ECF No. 536 at 3. Again, at the time Kelly was sentenced, U.S.S.G. § 5G1.3 did not address imposition of a sentence on a defendant subject to an anticipated state sentence. *See* n.9, *supra*. Section 5K2.23 (then and now) deals only with "discharged" terms of imprisonment. Thus, had the sentencing court explicitly stated the sentence was to run concurrently with Kelly's state sentence, Kelly would have received credit toward his federal sentence as of November 8, 2010, the date of imposition. It would appear the only method of awarding credit to Kelly prior to the imposition of his federal sentence would be by way of a variance pursuant to 18 U.S.C. § 3553(a).

[25] ECF No. 536 at 7.

[26] *Id.* at 8. Counsel notes this is a less favored approach because Kelly would lose a large amount of good conduct credit.

[27] ECF No. 539 at 4.

minimum sentence of ten years and a maximum sentence of life imprisonment.[28] On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act.[29] Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the 50-gram threshold for cocaine base convictions to 280 grams.[30] Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base threshold to 28 grams.[31] The Fair Sentencing Act applied prospectively only, and it made no revisions to the penalties for powder cocaine.[32]

In 2018, Congress passed the First Step Act, which made the revised crack cocaine thresholds established by the Fair Sentencing Act retroactive.[33] Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

---

[28] 21 U.S.C. § 841(b)(1)(A) (West 2009).
[29] *Dorsey v. United States*, 567 U.S. 260, 268 (2012).
[30] *See* 124 Stat. at 2372.
[31] *Id.*
[32] *Dorsey* at 264.
[33] First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018).

> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.[34]

Counsel and the Court agree that Kelly's federal conviction is a "covered offense."[35] Accordingly, the Court turns to whether, and to what extent, to "impose a reduced sentence."

### III.
### ANALYSIS

In determining an appropriate reduction, the Court has considered the statutory sentencing range, the sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct.[36] Kelly was originally subject to a mandatory statutory sentence of ten years imprisonment for Count 1. After passage of the Fair Sentencing Act, he remains subject to a statutory minimum term of ten years imprisonment. This is so because in this dual-object conspiracy, while the statutory minimum sentence for the cocaine base object of the conspiracy is now five years of imprisonment, the statutory minimum sentence for the powder cocaine object of the conspiracy remains ten years. Thus, the Court lacks authority to reduce Kelly's sentence

---

[34] *Id*.
[35] ECF No. 536 at 4; ECF No. 539 at 4 (both citing *United States v. Winters*, 986 F.3d 942, 949, 951 (5th Cir. 2021)).
[36] *Concepcion v. United States*, 597 U.S. 481 (2022); *Pepper v. U.S.*, 562 U.S. 476, 504 (2011).

below ten years under the First Step Act.[37] Kelly's sentencing guideline range is now 210 to 262 months.[38]

As to the nature and circumstances of the offense, it is a non-violent drug conspiracy involving the sale of large amounts of cocaine and cocaine base, spanning from 2006 to 2009. There is no indication in the record that Kelly used violence or firearms during the course of the conspiracy. As to the history and characteristics of this defendant, the Court notes Kelly has prior convictions for resisting an officer, possession of marijuana, simple battery on a police officer, simple battery, possession of cocaine with intent to distribute, possession of drug paraphernalia, resisting an officer, entry/remaining on premises after forbidden, and several traffic offenses. Prior to his incarceration for the instant conduct, Kelly had been using PCP almost daily for over a decade and was using codeine daily. While in state custody, Kelly completed over 100 hours of self-improvement and re-entry programs, including substance abuse, anger management, and sewing machine operator course work.[39] Kelly has six children, three of whom are still minors. Kelly is 45 years old and has been incarcerated for the instant conduct since he was 30.

After consideration of the § 3553(a) factors, including the history and characteristics of this defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment

---

[37] *United States v. Winters*, 986 F.3d 942, 951 (5th Cir. 2021) (Under the First Step Act, the "district court lacks authority to reduce a sentence that is already at the statutory floor. . . . A sentence shorter than the statutory minimum could not be imposed 'as if' the Fair Sentencing Act was in effect.").
[38] *See* Retroactivity Report at p.2.
[39] ECF No. 536-2.

on Count 1 to 120 months is warranted. The Court agrees with counsel that there is no indication in the record that either the parties or the court intended for Kelly's federal sentence to run consecutive to his state offense. Rather, by ordering that Kelly be "remanded to the Bureau of Prisons to carry out his sentence" and attempting to award "credit for all time served since August 20th . . . of 2009," it appears the court was under the impression Kelly was in the primary custody of the federal government and would serve his federal sentence either before, or concurrently, with his state sentence (depending upon the sentence imposed by the state court).[40] However, because the sentencing court was silent on its intent, the statutory default rule controls—"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[41] Were this Court unrestrained, it would certainly consider modifying Kelly's sentence such that it was to run concurrently with his state term of imprisonment, as that appears to have been the sentencing court's intent. But the Court does not have that authority under the First Step Act.[42] However, other procedural vehicles may provide Kelly with further relief.[43] Accordingly, for the reasons set forth above,

---

[40] ECF No. 297 at 16.
[41] 18 U.S.C. § 3584(a).
[42] *See* First Step Act, § 404(b).
[43] For example, Kelly can request BOP grant a retroactive designation of his state prison as the institution for service of the federal sentence (*i.e.*, a nunc pro tunc designation) pursuant to 18 U.S.C. § 3621(b). *See e.g. Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020). Should such efforts be unsuccessful, 18 U.S.C. § 3582(c)(1)(A) would appear to provide another potential avenue for relief. *See Setser v. U.S.*, 566 U.S. 231, 242-43 (2012).

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [ECF No. 481] is GRANTED AS MODIFIED, and the Court will issue an amended judgment reducing Defendant's term of incarceration on Count 1 to 120 MONTHS. Except as modified in this paragraph, all other provisions of the Judgment imposed on November 8, 2010 [ECF No. 243] REMAIN in effect.

SIGNED this 30th day of January, 2024.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE